MR. JUSTICE SHEA
concurring:
I agree that the sudden emergency instruction should not have been given, that it was prejudicial, and therefore that a new trial should be granted. I further agree that it is time for the demise of the sudden-emergency instruction in any situation. General instructions on negligence are fully capable of properly instructing the jury. I want to emphasize, however, a factor that has not been mentioned in the majority opinion — the defendant argued the sudden emergency to the jury and therefore the defendant is not now in a position to contend that the instruction was harmless.
At the pretrial hearing, the plaintiffs had no idea that the defendant would rely on a sudden emergency as at least one of the theories exonerating it from liability. This theory was first presented by the defendant at the end of the case during the settlement of instructions. The instruction was given over the plaintiffs’ objection.
Although it was not argued in the briefs, the defendant truck lines argued at the hearing of this appeal, that, in any event, the sudden emergency instruction was harmless error. This argument was based on the underlying contention that each side approached the case knowing that the case would turn on which of the vehicles was on the wrong side of the road at the time of impact. If the plaintiffs’ vehicle was in the northbound lane of the defendant’s truck, the defendant truck lines would prevail. But if the defendant’s truck was in the southbound lane of the plaintiffs’ at the time of the impact, the plaintiffs would prevail. For this reason, the defendant truck lines argued that the sudden emergency instruction was harmless error because the jury must have found that the plaintiffs’ vehicle was in the northbound lane of the defendant’s truck at the time of impact.
*305 But during the final arguments to the jury, defendant’s counsel did not downgrade the application and effect of the sudden emergency instruction. Rather, he emphasized to the jury that it would probably be a vital aid in helping the jury reach a decision.
Counsel used the sudden emergency instruction as follows in his final argument:
“... There has been no testimony by anyone in this case that that truck was traveling anything other than a slow, careful speed until a sudden emergency. I’m going to ask that you go to the jury and read the instruction on sudden emergency, because I’m not gong to talk about it. You read it, and you apply that instruction to the facts of this case." (Emphasis added.)
Although defense counsel did not again mention the instruction, the entire case based on the deposition of the truck driver read into evidence, and in part read again to the jury by defense counsel in final argument, was that the conduct of the truck driver should be judged by the fact that he took action in an emergency situation. Obviously the defense wanted the jury to judge the truck driver’s conduct based first on the fact that he had responded to an emergency situation.
We do not, of course, know how the jury reached its verdict. But the jury could have decided that the truck was in the wrong lane of traffic at the time of impact, but also that the defendant should not be held liable because the truck driver had responded to an emergency situation and in so doing he could not control the movement of his truck after he applied his brakes. Or it is possible that a part of the jury decided the case on the theory that the plaintiffs’ vehicle was in the wrong lane of traffic but that the remainder of the jurors needed for a verdict, based their decision on an emergency situation justifying the truck driver being in the wrong lane of traffic at the time of impact. They could have based their decision on the sudden emergency instruction.
Under these circumstances, I cannot accept the defendant truck line’s argument that the instruction, if error, was harmless.